(Reap. Dec. 8712)

S. H. POMERANCE CO., INC. *v.* UNITED STATES

Entry Nos. 754983, etc.

(Decided December 11, 1956)

*Siegel, Mandell and Davidson (Joshua M. Davidson* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

DONLON, Judge: The appeals for reappraisement listed in schedule "A," attached to and made a part of this decision, were consolidated for the purpose of trial.

The cases were submitted on an oral stipulation in open court, as follows:

MR. DAVIDSON: If it please the court, I offer to stipulate with Government counsel that the export value of the merchandise covered by the appeals to reappraisement consolidated herein at the time of exportation to the United States at which time such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade for exportation to the United States, including cost of containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise ready for shipment to the United States, was the invoice unit prices plus case and packing as invoiced and that there was no higher foreign value for merchandise such or similar to the merchandise herein at the time of exportation thereof.

MR. AUSTER: May it please your Honor, I have consulted in respect to this anticipated stipulation with Mr. Bornstein, the examiner involved in these cases, and we have discussed it with Mr. Mandell, and we have arrived at that figure as representative of the export value at the time of exportation of the involved merchandise. Therefore, with their consent and approval I am willing to so stipulate. (R. 2–3.)

Accepting this stipulation as a statement of fact, I find and hold that export value, as defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for determination of value of the merchandise herein, and that such values of the respective items of merchandise are the invoice unit prices plus case and packing, as invoiced.

Judgment will be entered accordingly.